IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ereny Rophail,                              :
                        Petitioner          :
                                            :
            v.                              :
                                            :
Workers' Compensation Appeal                :
Board (HEI Hospitality, LLC),               :    No. 1256 C.D. 2018
                        Respondent          :    Submitted: February 22, 2019

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED:  May 7, 2019

        Ereny Rophail (Claimant) petitions this Court for review of the Workers'
Compensation (WC) Appeal Board's (Board) August 15, 2018 order affirming the
Workers' Compensation Judge's (WCJ) decision denying Claimant's petition for
review (Review Petition), granting HEI Hospitality, LLC's (Employer) Termination
Petition, dismissing Employer's Suspension Petition as moot, and granting and
denying in part Claimant's and Employer's Petitions to Review the Utilization
Review (UR Review) Determination (UR Determination).  Claimant presents one
issue for this Court's review: whether Employer's expert's testimony is incompetent
because Steven Valentino, D.O. (Dr. Valentino) stated Claimant's wrong age.  After
review, we affirm.

        On February 15, 2016, Claimant sustained an injury in the course of her
employment as a restaurant server for Employer.  On March 10, 2016, Employer
issued a Notice of Compensation Payable (NCP) accepting her lumbar spine sprain
injury.  On May 12, 2016, Claimant filed the Review Petition seeking to expand her
injury description to include a "[s]mall disc bulge with superimposed central

protrusion[-]type disc herniation which narrows both lateral recesses. Disc material may contact the traversing right and left L5 nerve roots. . . . [sic] at the L4-5 level and a small disc bulge with posterior annular fissure at the L5-S1 level." Review Petition at 1. Employer timely filed an answer to the Review Petition denying all material averments.

On July 14, 2016, Employer filed the Termination Petition based upon Dr. Valentino's June 28, 2016 independent medical examination (IME), and Dr. Valentino's medical opinion that Claimant was fully recovered from her February 15, 2016 work injury. Also on July 14, 2016, based upon Claimant's IME, Employer issued a Notice of Ability to Return to Work. On August 2, 2016, Employer filed the Suspension Petition seeking to suspend Claimant's WC benefits due to her failure to return to work in good faith pursuant to Employer's job offer letter. On November 14, 2016, Claimant filed a UR Review of the UR Determination regarding her treatment by chiropractor John Seward, D.C. (Dr. Seward), including all treatment rendered by Dr. Seward and his practice, from June 3, 2016 and ongoing. On November 22, 2016, Employer filed a UR Review of the UR Determination.

On June 19, 2017, the WCJ granted Employer's Termination Petition, therein ruling that Claimant fully recovered from her February 15, 2016 work injury as of June 28, 2016. The WCJ granted Employer's UR Review, in part, concluding that Dr. Seward's chiropractic treatment was only reasonable from June 3, 2016 to June 28, 2016, and was unreasonable thereafter. The WCJ also found that Claimant failed to sustain her burden relative to the Review Petition of proving that she sustained a work injury other than that documented in the NCP. The WCJ further determined Employer's contest to be reasonable. Claimant appealed to the Board.

On August 15, 2018, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

Claimant argues that, because Dr. Valentino stated in his testimony and his report that Claimant was 62 years old when, in fact, she was 36 years old, his testimony was incompetent and the WCJ erred by granting the Termination Petition based thereon.

Initially,

> [a] medical expert's opinion is not rendered incompetent unless it is *solely* based on inaccurate or false information. *Newcomer v. Workmen's Comp*[.] *Appeal* [*Bd.*] *(Ward Trucking Corp.)*, . . . 692 A.2d 1062 ([Pa.] 1997). Moreover, it is well established that the opinion of a medical expert must be viewed *as a whole,* and that inaccurate information will not defeat that opinion unless it is dependent on those inaccuracies.

*Am. Contracting Enters., Inc. v. Workers' Comp. Appeal Bd. (Hurley)*, 789 A.2d 391, 396 (Pa. Cmwlth. 2001).

Here, when accepting Dr. Valentino's testimony as "more credible and persuasive than any contrary testimony of Dr. Rowe[,[2]]" the WCJ explained:

> a) The testimony of Dr. Valentino is based on **his expertise as a practicing board**[-]**certified orthopedic surgeon and fellowship**[-]**trained spine surgeon**[,] in addition to the [**IME**] **performed** and **his review of the records** and **his subsequent review of the surveillance**.
>
> b) This [WCJ] notes that Dr. Valentino erroneously understands that Claimant is 62 years of age and is of the opinion that the findings on the MRI are age appropriate for

---

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[2] Dr. Jeffrey Rowe, M.D. is Claimant's treating physician and testified as Claimant's medical expert.

a 62[-]year[-]old woman. This [WCJ] finds this error harmless[,] as Dr. Valentino noted that degeneration starts in the 30[]s and 40[]s and progresses and the findings were consistent with Claimant's body habitus: She is 5'4"[3] and weighs 245 pounds. There is no evidence of record establishing that the findings are not age appropriate for a 36[-]year[-]old woman with Claimant's body habitus.

c) The medical analysis of Dr. Valentino is clear, logical and well supported.

d) The examinations of Dr. Rowe, Dr. Valentino, the doctors at Rothman and WorkNet all documented normal neurological examinations.

e) Dr. Rowe did not review the surveillance. The surveillance does not support Dr. Rowe's examination findings but does support Dr. Valentino's examination findings. Per Dr. Valentino's uncontradicted testimony, Claimant's activities as depicted on the surveillance were not consistent with L5 radiculopathy or any back injury.

f) This [WCJ] has rejected Claimant's testimony of ongoing work[-]related complaints.

WCJ Dec. at 12 (emphasis added).

Significantly, Employer offered and the WCJ accepted into evidence without objection, two surveillance CD-ROMs. "The first CD[-]ROM has dates of surveillance of April 30, 2016, May 6, 2016, and May 16, 2016. It's 23 minutes." Reproduced Record (R.R.) at 56a.

JUDGE KELLEY:

Yes, 23 minutes and what does it show me? . . . .

ATTORNEY RUBINICH:

Sure, Your Honor. You're going to see [Claimant] on all the days performing activities of daily living including driving, walking, shopping, carrying bags of groceries, going into various merchants, shopping throughout the day.

---

[3] Dr. Valentino testified that Claimant was "5'3"." Reproduced Record at 188a.

. . . .

JUDGE KELLEY:

And the next covers what date?

ATTORNEY RUBINICH:

The second CD[-]ROM is a surveillance on June 8th. And, again, this also shows ---. It's 20 minutes in length. It shows [Claimant] driving, walking, standing, shopping at several stores, carrying merchandise, carrying bags and packages, et cetera.

R.R. at 56a-57a. The WCJ summarized the surveillance videos as follows:

The [WCJ] has carefully reviewed the surveillance for dates of 4/30/16, 5/6/16, 5/16/16 and 6/8/16. Claimant is seen on multiple occasions easily getting in and out of her SUV, easily lifting up and pulling down the back gate of her SUV, driving her SUV, easily leaning over while sitting, sitting in her SUV in no apparent distress, walking with ease, pushing shopping carts with ease and not using them as assistive devices, bending with ease, carrying multiple bags, a broom and her purse all at once and hold all items while loading them into her SUV, walking with ease, walking with ease in the pouring rain and reaching with ease. Claimant moved fluidly and at will.

WCJ Dec. at 11.

Dr. Valentino testified relative to the surveillance videos:

Q. Doctor, can you tell us what did you observe on the various dates of surveillance?

A. What I observed is that she was videotaped doing shopping, lifting, bending, reaching, walking, driving, getting in and out of her car, pushing a cart. She's carrying bags. She's carrying a broom or something of that sort and **at no time did I see any painful movements, any limping or any visible signs of impairment or disability**.

Q. Doctor, surveillance was conducted on April 30th, May 6th, May 16th, June 28th all of 2016 and those were all subsequent [sic] to your examination?

5

A. Yes.

Q. How does your review of the surveillance activity observed thereon impact, if at all, your opinion you rendered in your report?

A. I reviewed the videotape surveillance films as well as the report confirms [sic] the opinions and validates the opinions that I rendered in my IME.

Q. When you reviewed this surveillance, **did you observe [Claimant] having any physical difficulties performing those activities of daily living**?

A. **No**.

R.R. at 197a-198a (emphasis added).

Finally, Dr. Valentino opined:

BY MR. RUBINICH:

Q. Doctor, let me ask you this; Counsel for [Claimant] has filed a [Review] Petition seeking to expand the description of injury from a lumbar sprain to include disc herniations and lumbar radiculopathy.

Can you comment on the causal relationship of whether or not those conditions are related to the incident which occurred on February 15, 2016?

A. Yes, I can. I do not find they're related given her normal neurologic exam, the MRI findings, the chronic longstanding degenerative changes, normal range of motion and of course the videotape surveillance which is inconsistent with asymptomatic 4, 5 disc herniation or a left L5 radiculopathy.

R.R. at 205a-206a. Because Dr. Valentino's opinion was not "*solely* based on inaccurate or false information[,]" his testimony was competent. *Hurley*, 789 A.2d at 396. Accordingly, the WCJ properly granted the Termination Petition based thereon.

6

For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ereny Rophail,                                      :
                          Petitioner                :
                                                    :
             v.                                     :
                                                    :
Workers' Compensation Appeal                        :
Board (HEI Hospitality, LLC),                       :     No. 1256 C.D. 2018
                          Respondent                :

# O R D E R

AND NOW, this 7th day of May, 2019, the Workers' Compensation Appeal Board's August 15, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge